SAMUEL SPRIGG, PLAINTIFF IN ERROR v. THE BANK OF MOUNT
PLEASANT.

The plaintiff in error, with others, executed to the Bank of Mount Pleasant, a sealed
obligation for the payment of the sum of 2100 dollars, at the expiration of sixty
days; and in the instrument, each of the parties to it acknowledged himself bound
as principal. The money was loaned on the instrument to and for the exclusive
benefit-of one of the parties to it; and after the time of payment arrived, the bank
gave a further credit to the borrower; receiving from him the discount for the ex-
tension of payment. No notice was given to the other parties of this fact. The
amount loaned not having been repaid, this suit was instituted on the obligation;
and the defendant pleaded several pleas, alleging he was discharged from all lia-
bility under the obligation. The plaintiff replied that each of the obligors having
acknowledged himself as principal in the instrument, all were estopped from set-
ting up any defence in opposition thereto.
By the Court. This case is to be governed by rules applicable to proceedings in
courts of law; and upon this point the rule seems to be well settled, that when
principal and surety are bound jointly and severally on a bond, although there is
no express admission on the face of the instrument that all are principals; yet the
surety cannot aver by pleading, that he is surety only.
When one who is in reality only surety, is willing to place himself in the situa-
tion of principal, by expressly declaring upon his contract that he binds himself
as such; there cannot be any hardship in holding him to the character in which
he assumes to place himself. As to that particular contract, he undertakes as a
partner with the debtor; and has no more right to disclaim the character of
principal, than the creditor has to treat him as principal, if he had set out in the
obligation that he was only surety.
In this case, the fact of the defendant's being surety is not only not admitted, but it
is alleged that he is estopped from setting it up, by his own admission in his obli-
gation that he is principal. And we are not aware of any case giving counte-
nance to such a defence at law, under such circumstances.
It is an established rule in demurrers, that although the pleading demurred to may
be defective, the court will give judgment against the party whose pleading was
first defective in substance.
It is the settled rule of law, in relation to sureties, that extending to sureties further
time of payment will discharge the surety.

IN error to the circuit court of the United States for the district of
Ohio.

The defendant in error instituted, in the circuit court, an action of
debt on the following obligation, executed by the plaintiff in error,
and others.

"Know all men by these presents, we, Peter Yarnall & Co.,
Samuel Sprigg, Richard Symms, Alexander Mitchell and Z. Jacobs,

[Sprigg v. The Bank of Mount Pleasant.]

as principals, are jointly and severally held and firmly bound to the President, Directors and Company of the Bank of Mount Pleasant, for the use of the said Bank of Mount Pleasant, in the just and full sum of 2100 dollars, lawful money of the United States; to the payment of which sum, well and truly to be made to the said president, directors and company, for the use aforesaid, within sixty days from the date hereof, we jointly and severally bind ourselves, our heirs, &c. firmly by these presents. Signed with our hands, and sealed with our seals this 20th of February, A. D. 1826.

"PETER YARNALL & Co., [SEAL].

"SAMUEL SPRIGG,        [SEAL].

"RICHARD SYMMS,   -    [SEAL].

"ALEXANDER MITCHELL, [SEAL].

"Z. JACOBS,            [SEAL]."

To the declaration on this obligation, the defendant pleaded the general issue, and six special pleas. The questions which were discussed and decided by the court, were presented on the second plea and sixth.

The second plea was as follows:

2. And for further plea in this behalf, by leave of the court here for that purpose first had and obtained according to the form of the statute in such case made and provided, the said Samuel, by his said attorney, comes and defends, &c., and says, that the said plaintiffs ought not to have or maintain their action aforesaid against him, because he says that the President, Directors and Company of the Bank of Mount Pleasant constitute an incorporated banking company, located at Mount Pleasant, in the county of Jefferson, in the state of Ohio, doing and transacting business in the usual manner of a bank; and that the said 2100 dollars, mentioned in the said writing obligatory, was a loan made by the plaintiffs as such banking company, in the ordinary way of making such loans at said bank, to the said Peter Yarnall & Co., and for their accommodation; and that the said writing obligatory was given to said bank for the sole and only purpose of securing the payment of the said loan at the expiration of thirty days from the date thereof, and that the said Samuel Sprigg, as also the said Richard Symms, Alexander Mitchell and Z. Jacobs, were in truth and in fact securities for the said Peter Yarnall & Co., for the payment of the said loan in sixty days as aforesaid, and were so received and treated by the said plaintiffs; and that the said Peter

[Sprigg v. The Bank of Mount Pleasant.]

Yarnall & Co. received for their own exclusive benefit and accommodation the entire amount of the said 2100 dollars, and were so entered and charged on the books of the plaintiffs, in their said bank ; and the defendant further avers, that at the time the said writing obligatory became due, to wit, on the 21st day of April, Anno Domini 1826, the said plaintiffs, for and in consideration of 22 dollars 48 cents, paid by the said Peter Yarnall & Co. to the said plaintiffs for the discount or interest in advance on the said 2100 dollars, for sixty days then next following, undertook and agreed with the said Peter Yarnall & Co., without the knowledge or consent of the said Samuel Sprigg, Richard Symms, Alexander Mitchell and Z. Jacobs, or either of them, to give a further credit on the said loan of sixty days and to extend the time of payment thereof for sixty days, from and after the said 21st day of April last aforesaid; and the defendant avers that the said plaintiffs did give to the said Peter Yarnall & Co. the further credit and time of payment thereof for sixty days as aforesaid, and without the knowledge or consent of the said Samuel Sprigg, Richard Symms, Alexander Mitchell and Z. Jacobs, or either of them, and against their will ; by means whereof the said Samuel Sprigg says that he is discharged from all liability on or by virtue of the said writing obligatory; and this he is ready to verify: wherefore he prays judgment, &c.

The sixth plea was :

6. And for further plea in this behalf, by leave of the court here for that purpose first had and obtained, according to the form of the statute, the said Samuel, by his attorney, comes and defends, &c., and says that the said plaintiffs ought not to have or maintain their aforesaid action against him, because he says that the said plaintiffs are an incorporated banking company, doing and transacting business in the usual way and manner of banks, and that the said 2100 dollars mentioned in the said writing obligatory in the plaintiff's declaration described, and of which oyer is craved, and the same is set out in the said Samuel's first plea, was a loan made by the said plaintiffs at their banking house, in the town of Mount Pleasant, in the said county of Jefferson, in the usual way of making loans at said bank, to and for the sole benefit and accommodation of Peter Yarnall & Co., the first obligors in said writing obligatory; and that the said writing obligatory was given to the said bank for the sole and only purpose of securing to said bank the payment of the said loan so made to the said Peter Yarnall & Co. as aforesaid, in sixty days from the date

thereof, and that the said Samuel Sprigg, Richard Symms, Alexander Mitchell, and Z. Jacobs, were, in truth and in fact, merely securities of the said Peter Yarnall & Co. for the payment of the said loan in sixty days as aforesaid; and were so received and accepted, and treated throughout by the said plaintiffs, in all the transactions in said bank relating to said loan; and the said Samuel avers that at the time the said writing obligatory became due, to wit, on the 21st day of April, Anno Domini 1826, the plaintiffs, in consideration of 22 dollars 40 cents, paid to them by the said Peter Yarnall & Co. for the discount or interest in advance on the said 2100 dollars, for sixty days then next following, undertook and agreed with the said Peter Yarnall & Co., without the knowledge or consent of the said Samuel Sprigg, Richard Symms, Alexander Mitchell and Z. Jacobs, or either of them, to give, and then and there did give to the said Peter Yarnall & Co. the further credit and further time of payment of the said loan and the said writing obligatory for sixty days, from and after the said 21st day of April aforesaid; and the said Samuel further avers that afterwards, to wit, at the expiration of the said sixty days, further credit and time of payment as aforesaid, and at the expiration of each and every sixty days successively thereafter until the 24th day of March, Anno Domini 1829, the said plaintiffs did receive at their bank in the said town of Mount Pleasant, of and from the said Peter Yarnall & Co., the sum of 22 dollars 40 cents, for the discount or interest in advance of the said loan of 2100 dollars, and at each consecutive day of discount and payment of interest in advance as aforesaid, until the said 24th day of March, Anno Domini 1829, that said plaintiffs did, without the knowledge or consent of the said Samuel Sprigg, Richard Symms, Alexander Mitchell and Z. Jacobs, or either of them, and in consideration of the said sum of 22 dollars 40 cents so paid to them by the said Peter Yarnall & Co. on each of the said days of discount, and payment of interest in advance as aforesaid, agreed with the said Peter Yarnall & Co. to give, and did then and there give to the said Peter Yarnall & Co. the further credit and time of payment of said loan of sixty days, from and after each consecutive day of discount and payment of interest in advance as aforesaid, until the said 24th day of March aforesaid; and the said Samuel further avers that afterwards, to wit, on or about the said 24th day of March, Anno Domini 1829, the said Peter Yarnall & Co. failed in business, became insolvent, and unable to pay their just debts, and that the said Samuel Sprigg, Richard Symms, Alexander Mitchell and Z. Jacobs

[Sprigg v. The Bank of Mount Pleasant.]

had not, nor had either of them any notice of the non payment of the said loan, or of the outstanding of the said writing obligatory from the time the same became due, to wit, on the 21st day of April, Anno Domini 1826, until after the failure and bankruptcy of the said Peter Yarnall & Co. as aforesaid ; by reason whereof he, the said Samuel, says he ought not to be charged with the said debt, or any liability on or by virtue of the said writing obligatory ; all which he is ready to verify : wherefore he prays judgment, &c.

To the second and sixth plea the plaintiff replied, that the said Samuel Sprigg, together with Peter Yarnall & Co., Richard Symns, Alexander Mitchell and Z. Jacobs acknowledged themselves to be jointly and severally held and firmly bound, as principals, to the said President, Directors and Company of the Bank of Mount Pleasant, for the use of the Bank of Mount Pleasant, in the sum of 2100 dollars as aforesaid.

The defendant demurred to this replication.

The circuit court gave judgment for the plaintiff on the replication to the second and sixth pleas ; from which judgment the defendant prosecuted this writ of error.

The case was argued by Mr Ewing, for the plaintiff in error; and by Mr Cannon, for the defendant.

Mr Ewing stated that the suit arose out of the banking transactions of the defendant in error, in which, in order to get rid of the difficulties attending on loans on promissory notes, the form of a single bill had been adopted. Upon such an instrument the bank extended the credit given to the borrower, without surrendering the obligation; and they supposed it might be done without impairing the liability of any of the parties to the instrument. This is denied. The real borrowers of the bank were Peter Yarnall & Co. Had the other parties to it known that the time for the payment of the debt was extended, they could have protected themselves. The defendant below had a right to show these facts, and this was the object of the pleas.

He contended that the plaintiff in error should not be estopped to plead his second and sixth pleas, because they are not necessarily in contradiction of his bond. He may have signed the bond " as principal ;" and yet all the facts set forth in the plea, which show him to be a surety for the payment of the money, may be true.

If the plea be not necessarily inconsistent with the bond, the party is not estopped to plead it.

The legal effect of the instrument is in no wise changed by the insertion of the words " as principal" in the bond. All joint and several obligors are principals, unless the contrary appear. 4 Ves. 824; 3 Atk. 91.

One of several joint and several obligors may plead, that he is but surety. Bank of Steubenville v. Carroll's Administrators, 5 Hammond's Rep. 207; Paine v. Packard, 13 Johns. Rep. 174; King v. Baldwin, 2 Johns. Cha. Rep. 554; S. C. 17 Johns. Rep. 394.

He also contended, that the third and fifth pleas are good. They set forth, in substance, that this was a banking transaction; that Sprigg was but surety for the loan : and that the plaintiff, by agreement, founded on a money consideration, did, on the day the bond became due, give Yarnall & Co., the principal debtor, further time to make payment; and this without the knowledge or consent of the surety.

These pleas are certain to a common intent. By a fair construction of their several clauses, they sufficiently set forth all these facts. H. Black. 530; Doug. 158; 1 Saund. 274, n. 1.

The averment of the new contract, to give time, is good, without showing whether it was agreed in writing or by parol. It will be intended that the agreement was valid. 2 Saund. 305, n. 13.

A bond under seal may be waived or postponed before breach, by entering into a new contract by parol. United States v. Howel, 4 Wash. C. C. R. 622; 2 Ves. Jun. 542; 2 Randolph 333; United States Bank v. Hatch, 6 Peters 258; 16 Johns. Rep. 71; 8 East's Rep. 576.

Mr Cannon, for the defendant.

The obligation on which the suit was instituted, was taken in the form in which it was executed, to avoid the difficulties which the plaintiff in error endeavours to raise by the pleadings. The bank, not desiring to limit the loan to the period stated in the obligation, and yet desirous to avoid the difficulty which an extension of the loan, without a new obligation, would create; have taken from the parties an acknowledgement, under seal, that each is bound severally as well as jointly. The question to be decided by this court is, whether this is an estoppel to the allegations in the pleas. If the court

shall decide that such is the effect of the instrument, they will affirm the judgment of the circuit court.

He denied that any case can be found in which, where a party to a sealed instrument has declared himself a principal, he can claim that he was only a surety. None of the cases referred to by the counsel for the plaintiff in error sustain the position.

After a particular examination of the cases cited by Mr Ewing, Mr Cannon cited Hunt v. The United States, 1 Gallison's Rep. 30. To establish the doctrine of estoppel, as applicable to the case, he cited Chitty on Plead. 636; Williams's Rep. 9; Chitty's Equity Dig. 393; 1 Saunders 316; 7 Cranch 223.

Mr Justice THOMPSON delivered the opinion of the Court.

This case comes up from the circuit court of the district of Ohio, upon a writ of error. It is an action of debt upon a single bill or obligation executed by the plaintiff in error and several others, bearing date the 20th of February 1826, for the payment of 2100 dollars, sixty days after date. The declaration is in the usual form. The defendant pleaded the general issue, and five special pleas. To the second and sixth pleas the plaintiff replies, and the defendant demurs to the replications; and to the third, fourth and fifth pleas the plaintiff demurs. Judgment was rendered for the plaintiff in the court below, on both demurrers. The material question in the case arises upon the second and sixth pleas, and the replications to them; oyer of the obligation having been craved, and spread upon the record. The second plea sets up in bar of the action, that the 2100 dollars, mentioned in the writing obligatory, was a loan made by the plaintiff to Peter Yarnall & Co. (the first named obligors), and for their accommodation; and that the writing obligatory was given to the bank, for the sole and only purpose of securing the payment of the said loan at the expiration of sixty days from the date thereof; and that the defendant and Richard Symms, Alexander Mitchell and Z. Jacobs, were sureties only, and were so received and treated by the plaintiffs: that Peter Yarnall & Co. received, for their own exclusive benefit, the entire amount of the said 2100 dollars, and were so entered and charged on the books of the bank; and it is then averred, that when the writing obligatory became due, the plaintiffs, on payment of 22 dollars, as the discount for sixty days then next following, agreed with the said Yarnall & Co., without the knowledge and consent of the defendant and his co-sureties, to give a fur-

ther credit of sixty days on the said loan, and did give such further credit; by reason whereof the defendant alleges that he is discharged from all liability on said writing obligatory. The sixth plea is substantially the same, with an additional averment of a further extension of credit on the loan, and the insolvency of Yarnall & Co. To the allegation in the pleas that the defendant and the others named were sureties of Yarnall & Co., the plaintiffs reply: that the defendant ought not to be permitted to plead the same, because they say that, by the said writing obligatory, the defendant and the other obligors by the said writing obligatory, acknowledged themselves to be jointly and severally held and firmly bound, *as principals*, for the payment of the said 2100 dollars to the Bank of Mount Pleasant. To this replication the defendant demurs; and the real question raised by these pleadings is; whether the defendant can set up in his defence that he was only surety in the obligation for Yarnall & Co., in direct opposition to his acknowledgement that he executed it as a *principal*. It is unnecessary to enter into the inquiry whether it would not have been more correct pleading for the plaintiff to have demurred to the defendant's pleas, instead of replying. The defendant craved oyer of the obligation, and it is spread upon the record; and is to be taken as a part of the declaration. And if the replication should be considered bad, the plea is open to examination. It is an established rule in demurrers, that although the pleading demurred to may be defective, the court will give judgment against the party whose pleading was first defective in substance. The question is therefore to be considered upon the validity of the plea. If the defendant can be let in to set up that he was surety only, the matter alleged is sufficient to exonerate him from liability in the present suit. It falls within the settled rule of law in relation to sureties, that extending to the principal further time of payment, by a new agreement, will discharge the surety. This, indeed, has not been denied on the argument. It has been contended, that it appearing expressly on the face of the bond that the defendant acknowledged himself as principal, did not vary the question; for that all joint and several obligors in a bond are, in judgment of law, considered principals. This is true, as a *prima facie* presumption of law; but is not conclusive upon a party when drawn in question before a proper tribunal. But as matter of estoppel at law, it may stand on a different footing; and is, at all events, as matter of fact more conclusive. The doctrine of the law upon this point is plain and

explicit. And it does not require the multiplication of authorities to show, that the rule is well established. In Huntington v. Havens, 5 Johns. Ch. 26, it is laid down that a general recital in a deed will not conclude a party; though the recital of a particular part may estop him. Coke Litt. 352, a; Wils. Rep. 9. And in Stow v. Wise, 7 Conn. Rep. 220, it is said by the supreme court in Connecticut, that when a party has solemnly admitted a fact by deed under his hand and seal, he is estopped not only from disputing the deed itself, but every fact it recites. And in the case of Carver v. Astor, 4 Peters 83, this court, in speaking of the effect of recitals and their operation by way of estoppel, say, that the recital of the lease in the deed, was not only evidence between these parties of the original existence of the lease, but was *conclusive* evidence of that original existence. An estoppel has sometimes been quaintly defined, the stopping a man's mouth from speaking the truth; and would seem, in some measure, to partake of severity, if not of injustice. But it is in reality founded upon the soundest principles, as a rule of evidence. That a party has, by his own voluntary act, placed himself in a situation as to some matter of fact, that he is precluded from denying it; and in its application to the dealings and contracts of men in the affairs of human life, it is a salutary practical rule, that a man shall not be permitted to deny what he has once solemnly acknowledged. In ordinary cases, when sureties sign an instrument without any designation of the character in which they become bound; it may be reasonable to conclude that they understood that their liability was conditional, and attached only in default of payment by the principal. And hence the reasonableness of the rule of law, which requires of the creditor, that his conduct with respect to his debtor, should be such as not to enlarge the liability of the surety, and make him responsible beyond what he understood he had bound himself. But when one who is in reality only surety, is willing to place himself in the situation of a principal, by expressly declaring upon his contract that he binds himself as such; there cannot be any hardship in holding him to the character in which he assumes to place himself. As to that particular contract, he undertakes as a partner with the debtor; and has no more right to disclaim the character of principal than the creditor would have to treat him as principal if he had set out in the obligation that he was only surety. These observations are only made for the purpose of showing there is no hardship in the case; for it is most generally from the hardship of particular cases, that attempts are

made to innovate upon general principles. And courts, sometimes too readily yield to considerations of this kind, to attain what may be considered the abstract justice of the particular case before them.

But admitting that although the defendant has upon the face of the obligation become bound as principal, yet a court of equity might allow him to set up that he was only surety, and let him in to all the protections that are usually extended to sureties; the present case is to be governed by rules applicable to proceedings in courts of law: and upon this point the rule seems to be well settled, that where principal and surety are bound jointly and severally in a bond, although there is no express admission on the face of the instrument that all are principals, yet the surety cannot aver by pleading that he is surety only. In the case of Rees v. Barrington, 2 Ves. Jun. 542, lord Loughborough held, that when two are bound jointly and severally in a bond, they both appear as principals, and the surety cannot aver that he is bound as surety: but if he could establish that at law, the principle at law is that he has an interest in the condition; and if the time of payment is extended, that totally defeats the condition, and the consequence is that the surety is released from his engagement. This point is directly adjudged in the case of The People v. Jansen, 7 Johns. 337. The question there turned entirely upon the pleadings; and the court let in the defence which discharged the surety, upon the sole ground that it appeared upon the face of the bond, that the ancestor of the defendant was surety only; otherwise the defendant would have been estopped by the bond from alleging that he was surety only. But the fact appearing upon the face of the bond, the defence might be set up at law as well as in equity. The case of Paine v. Packard and Munson, 13 Johns. 174, although the court admitted the surety to set up by plea at law matter in discharge of his liability, is very distinguishable from the present case. That was a suit upon a promissory note, and the court, upon demurrer, sustained a plea interposed by the surety, alleging a special request made to the plaintiff to prosecute the principal, and averring a loss of the debt by reason of his neglect to prosecute. The plea in that case was sustained on the ground that there was no conflict between the note and the averments in the plea. For, say the court, the averments and facts stated in the plea are not repugnant or contradictory to the note. That the fact of Packard having been surety only, is fairly to be presumed to have been known to the plaintiff; and he was in law and equity bound to

[Sprigg v. The Bank of Mount Pleasant.]

use due diligence against the principal, in order to exonerate the surety. The plea averred, that Packard signed the note as surety; and the demurrer admitted the facts. Had it appeared upon the face of the note, that Packard signed it as principal; there is no reason to conclude that the court would have let in the defence then set up. It could not in such case, have been said that there was no repugnancy between the averments in the plea and the note; which was the ground upon which the plea was sustained. But this case has not, under any view of it, relaxed the rule with respect to bonds or sealed obligations; which are not open to an inquiry into the consideration. The case of Paine v. Packard was a suit between the original parties to the note—the payee against the makers. Packard, although surety, signed the note as one of the makers; and between the original parties to a note the consideration may be inquired into. In the case of King v. Baldwin, 2 Johns. Ch. 556, the chancellor says: I do not understand the supreme court as holding in the case of Paine v. Packard, that the averment would be admitted in direct opposition to the terms of the note; that such evidence would be entirely inadmissible. And as to this proposition, we do not understand there was any difference of opinion between the supreme court and the chancellor. The point of difference between the two courts, related to the effect which a non-compliance by the creditor, with the request of the surety to prosecute the principal, would have upon the liability of the surety: the chancellor holding that in order to discharge the surety, there must be some new agreement between the debtor and creditor, varying the contract by which the surety originally became bound. The court of errors, on an appeal (17 Johns. 384) from the decree of the chancellor, in the case of King v. Baldwin, may be considered in some measure as affirming, by a divided court (which very much weakens the authority of the case), the decision of the supreme court in Paine v. Packard. We are under no necessity, however, of expressing any opinion upon the point of difference between those courts. That point has no bearing upon the question now before this court. The case of The Bank of Steubenville v. Administrators of Carrol, 5 Hammond 207, in the supreme court of Ohio, has been relied upon to support the pleadings and defence set up in this case. But that case differs from the present, essentially, in the main point. No oyer of the bond is there spread upon the record; so that it does not appear upon the face of the bond that the defendant signed as principal. The plea alleged

[Sprigg v. The Bank of Mount Pleasant.]

that the defendant signed as surety, and this the demurrer admits; and the fact of surety being assumed as admitted, the court only decided, that if any change be made between the creditor and the principal to the prejudice of the surety, that it discharges the surety, and that this defence may be set up, at law as well as in equity. That such was the ground on which this case stood, is evident from the manner in which the question is put by the counsel to the court. The plea, say they, alleges that the defendant signed and sealed the obligation as surety, and not as principal; and this is admitted by the demurrer: and therefore the inquiry is presented, free from all embarrassment, viz. is the surety discharged by the creditors giving the principal further credit or time of payment. And this would seem to be the light in which the case was viewed by the court. And this conclusion is strengthened by the circumstance, that the authorities referred to in support of the decision, go to show that a court of law as well as a court of equity, can afford relief to the surety when the facts upon which such relief rests are properly before the court. And in this view of the case, it is not at variance with the admitted rule in courts of law. But this does not meet the difficulty in the present case. The fact of the defendant's being surety is not only not admitted; but it is alleged that he is estopped from setting it up, by his own admission, in his obligation that he is principal. And we are not aware of any case giving countenance to such a defence at law, under such circumstances.

The fourth plea is admitted to be bad; and the objections to the third and fifth are substantially the same as to the second and sixth. They attempt to set up that the defendant was only surety in the obligation. But this defence is equally precluded here by the estoppel, as in the other pleas.

The judgment of the circuit court is accordingly affirmed with costs.