The President, Directors and Company of CLAREMONT BANK
*v.* NATHAN WOOD *et al.*

Where several signers of a note, "each as principal," promise to pay, they are, as between them and the payee, to be regarded as principals, and neither is permitted to avail himself of the rights of a surety, and avoid his liability on the ground of delay of payment granted upon the note, by an agreement between his co-signers and the payee, and upon a valid consideration, though he were, in fact, a mere surety, and that known to the payee.

ASSUMPSIT upon a promissory note of the following tenor.

"Claremont, June 12, 1831.

"For value received, we, each as principal, jointly and "severally promise to pay the President, Directors and Com- "pany of the Claremont Bank, two thousand dollars, in nine- "ty days, with customary grace.

(Signed,) Nathan Wood,
Jona. Wheelock.
Eben W. Judd."

It appeared from the evidence, on the trial in the county court, that the note in suit was discounted for the benefit of the two first signers and that Judd was, as between himself and his co-signers, but a surety for them, of which the plaintiffs had notice, and that the time of payment was repeatedly extended after it fell due, on payment of the interest, each time, in advance, and that such extensions were without the knowledge or consent of Judd. The plaintiffs were a corporation of the state of New Hampshire.

The county court charged the jury, that, if they were satisfied that Judd was a mere surety for his co-signers, and that known to the plaintiffs, and the plaintiffs, afterwards, by an actual agreement, for a legal consideration, undertook, without the knowledge or consent of Judd, to wait upon the principals for payment, beyond the time of payment specified in the note, they should find a verdict for the defendants.

The jury returned a verdict for the defendants and the plaintiffs excepted.

*Starr & Bushnell*, for plaintiffs.

I. The signers of the note not only contracted as principals, but promised, jointly and severally, to pay the plaintiffs the sum of money expressed in the note. They made themselves equally liable to the plaintiffs in all respects. And

parol evidence of a parol agreement prior to, or cotemporary with the written agreement, which varies its terms, is inadmissible. Starkie's Evidence, 1005 and 1008. *Bradley* v. *Bentley*, 8 Vt. R. 243.

II. The signers having all expressly contracted as principals with the plaintiffs, the latter might rightfully treat them as such afterwards.

III. To permit Judd to prove by parol testimony that he was only a surety is enabling him to practise a fraud upon the Bank. By holding himself out as a principal in the note when the money was obtained from the Bank, the latter, relying upon the terms of the note, were put off their guard, and would make no inquiry as to how the money was shared by the signers. And to allow him afterwards to allege that he had no part of the money, and thereby discharge himself, would be carrying into effect a fraud.

*S. S. Phelps*, for defendants.

The decision of the court below was right. The note, having been made payable to the Claremont Bank and discounted there, must be governed as to its effect and the relative rights and duties of the parties growing out of it, by the laws of New Hampshire.

The defence in this case resolves itself into three questions.

I. Is it competent for one of the defendants to prove by evidence, extraneous to the note, that he was a surety, merely, and known to be such by the plaintiffs? This question is answered by a reference to the case of the *Grafton Bank* v. *Kent*, 4 N. Hamp. Rep. 221, and *Grafton Bank* v. *Woodward*, 5 N. H. Rep. 99.

II. Does the giving of time to the principal, without the knowledge or assent of the surety, after the note became payable, and by a contract founded on a legal consideration, and which precludes the plaintiff from enforcing the note for a given time thereafter, discharge the surety?

This question is also answered by a reference to the adjudications upon the point in the highest judicial tribunal in that State. *Ut Supra*, and *Wheat* v. *Kendall*, 6 N. H. Rep. 504.

III. Does this case fall within the principle of those decisions, having reference, either to

1st. The fact that defendant Judd was a surety, and that the plaintiffs so understood it;

2d. The fact that time was given, and

ADDISON,
January,
1838.

Claremont
Bank
v.
Wood et al.

Addison,
January,
1838.

Claremont
Bank
v.
Wood et. al.

3d. The consideration upon which the contract for delay was founded?

As to the first branch of the inquiry it is sufficient that the facts are not only found by the jury but appear distinctly from the case itself.

As to the second, it appears that time was given by repeated arrangements upon payment of interest in advance.

As to the third, there can be no doubt that the payment of interest, prospectively, is a good consideration for such an agreement. In *Wheat* v. *Kendall* it was said that an *undertaking* to pay interest was a good consideration.

The only answer to this, on the part of the plaintiffs, is that the note expresses that all are principals. But this does not vary the case, because,

1st. The legal effect of the note is the same as if the expression " each as principal" was omitted.

2d. The evidence does not contradict the note; for, although the defendants undertook as principals to the bank, yet they may still be principals and sureties as between themselves. Proof that they are so does not conflict with the fact that they are bound, as principals, to the bank.

3d. The equity of the defence is the same, whether the defendants sign as sureties or as principals. It is founded not on the relation which they sustain to the bank, but that which they sustain to each other.

If the bank, knowing the fact that one is surety, extends the time of payment without his assent, they deprive him of his remedy against his principal, and this is the very ground upon which the defence is admitted. The rule, on which we rely, does not go upon the ground that one is surety upon the face of the contract, but upon the equity growing out of the relation subsisting between the defendants. It may be argued that the expression " each as principals" precludes the defendants from claiming the rights of sureties. If this be so, it certainly extends no further than the original contract, which was to pay in ninety days.

If the plaintiffs depart from the contract and make a new and different one with the principal, the question, whether the surety is bound, rests upon other and different considerations from the terms of the original contract. If they will vary the terms of the original contract in some particulars, the question,

whether they can insist upon it in others, is one which must rest upon the general principles of equity.

If the defendant Judd undertook *as principal* for ninety days, can the plaintiff, without his assent, bind him as principal to all eternity?

ADDISON,
January,
1838.

Claremont
Bank
v.
Wood, et. al,

- The opinion of the Court was delivered by

ROYCE, J.—It appears to be the settled law of New Hampshire, that a co-signer of a promissory note, in common form, shall be allowed to prove that, as between himself and the other signers, he was but a surety, and that this fact, if seasonably made known to the creditor, will entitle such a party to avail himself of all the established rights of a surety. And as the note now in question was expressly made payable in that state, we are bound to give effect to this law, so far as it shall appear to be applicable.

Looking to the tendency of the evidence given on trial, and considering the instructions under which the jury acted, we must treat it as established by the verdict, that this note was discounted for the benefit of the other signers, and not of Judd; that in relation to them he was in fact a surety; that the plaintiffs were apprized of this, and that repeated delays of payment were granted, in virtue of new stipulations between the plaintiffs and the other signers, to which the assent of Judd does not appear. It must follow that his liability became extinguished by these after transactions, unless such a result was prevented by the peculiar terms of his engagement.

The language of the note is ;—" We, each as *principal*, jointly and severally promise to pay " &c. It could not have been the object of these expressions to signify merely, that each signer assumed the liability of a principal in the first instance; for such a liability is always incurred by the respective signers of promissory notes in ordinary cases, even though one of them should affix the word *surety* to his signature. The reason is, that they all promise in the same terms, which must have the same import and effect as applied to each of the signers. Another motive is sufficiently apparent. As the plaintiffs would have been bound to respect the rights of Judd, as a surety, had these words been omitted, the evident design of their introduction was, on the one side, to avoid the embarrassments of such an obligation, and, on the

ADDISON,
January,
1838.

Claremont
Bank
v.
Wood et al.

other, to waive the right of insisting upon it.    And since Judd has seen fit expressly to avow himself a principal in the note, and thereby, so far as the plaintiffs were concerned, to renounce the character of a surety with the privileges incident to it, we are not at liberty to absolve him from the consequences.    To hold him still entitled to those benefits, which he openly disclaimed at the time of entering into the contract, would be to vary and control its intended operation, and, in effect, to enforce a contract which the parties never made.

Judgment of county court reversed.