## H. S. BENEDICT *v.* MATTHEW COX.

*Promissory Note. Principal and Surety. Parol Evidence to Vary Written Contract. Statute of Frauds.*

Where the language of a promissory note is, " We jointly and severally, each as principal, promise," &c., and the word *surety* is not affixed to any of the signatures thereto, the signers thereof are, as to the holder, all principals. Thus, where in general assumpsit by the payee of such a note against one of the makers, defendant asserted that he was in fact a surety for his co-maker, and objected to the admission of the note in evidence, for that it did not support the declaration, it was *held* that the note was admissible.

Defendant offered to prove by parol that it was agreed between himself and his co-maker that he should be held for but six months. *Held*, but an offer to vary the written contract, and inadmissible.

He also offered to prove that after the expiration of the six months he applied to the plaintiff to have him collect of his co-maker, who was then solvent but afterwards became otherwise, when plaintiff told him the co-maker was good, and that he would look to him for payment. *Held*, inadmissible, because defendant was, as to

plaintiff, not surety but principal, and because it did not appear that any valid contract upon consideration was then made between plaintiff and defendant, nor that, relying on plaintiff's representation, defendant forebore to protect himself.

He also offered to prove that plaintiff afterwards verbally agreed with defendant's comaker, for valuable consideration, on an extension of time. *Held,* that the contract was within the fourth section of the Statute of Frauds, and that the evidence was inadmissible.

GENERAL ASSUMPSIT. Pleas, general issue, payment, and set-off. Trial by jury, September Term, 1879, POWERS, J., presiding.

The plaintiff offered in evidence a promissory note as follows:

$100. For value received, we jointly and severally, each as principal, promise to pay H. S. Benedict, or bearer, one hundred dollars, one day from date, with interest annually.              I. N. AUSTIN,

Underhill, April 1, 1876.                MATTHEW COX.

The execution of the note was admitted, but the defendant objected to its admission in evidence, for that it did not support the declaration,—claiming that he was only surety, and that the plaintiff could not recover in this form of action. The court, *pro forma,* overruled the objection and admitted the note in evidence; to which the defendant excepted. The plaintiff then rested.

The defendant offered to prove:

. 1.  That he was in fact a surety in the note, and that he never received any part of the consideration thereof.

2.  That the claim on which the note was based, was a debt against Austin, the alleged principal in the note, whereon the Statute of Limitations had run; that the defendant was induced to sign the note by a contemporaneous parol agreement between the plaintiff, the defendant, and Austin, that the defendant should be held as surety only for the term of six months; and that the plaintiff accepted the note subject to those conditions.

3.  That after the six months expired, the defendant applied to the plaintiff to have him collect the note of Austin, who was then responsible but afterwards became otherwise; that the plaintiff then informed the defendant that he did not want the money, that Austin was good, and that he would look to Austin for payment, and thereby released the defendant from further liability.

4.  That the plaintiff afterwards verbally agreed with Austin, for valuable consideration, on an extension of time.

The court excluded the evidence; to which the defendant excepted. The court thereupon ordered a verdict for the plaintiff for the amount of the note.

*C. S. Palmer,* for the defendant.

This is an action for money had and received merely, and the note is only evidence of the indebtedness. If the defendant did not have the money, no recovery can be had in an action in this form. *Lapham* v. *Briggs,* 27 Vt. 26 ; *Curtis* v. *Smith,* 48 Vt. 116 ; *Sandford* v. *Norton,* 14 Vt. 228 ; Chit. Bills, 579 ; *Wells* v. *Gidding,* 3 Moore, 79.

In an action in the name of the payee of a note against one or all of the signers, it is competent to show the relation that existed between the parties to the note at the time it was executed. *Harrington* v. *Wright,* 48 Vt. 427 ; *Bank of St. Albans* v. *Smith,* 30 Vt. 148.

The evidence offered by defendant by his second proposition was not offered to contradict the terms of the note, but to show that it had been delivered conditionally, and accepted by the plaintiff subject to those conditions. If the jury had found such to have been the facts, the plaintiff would have been bound by them. *Stewart* v. *Martin,* 49 Vt. 266 ; *Park* v. *McDaniels,* 37 Vt. 594 ; *Manley* v. *Boycot,* 2 Ellis & B. 46 ; *Hall* v. *Wilcox,* 1 Moody & R. 58.

An agreement, for valuable consideration, between the creditor and the principal in the note for an extension of time of payment, will release the surety, if it is done without his knowledge. *People's Bank* v. *Pearsons,* 30 Vt. 711 ; *Turrill* v. *Boynton,* 23 Vt. 142 ; *Austin* v. *Dorwin,* 21 Vt. 38.

The payee had a right to discharge the surety. This he did, and the evidence of it was improperly excluded. Gen. Sts. c. 30, s. 80 ; *Alford* v. *Baxter,* 36 Vt. 158 ; 1 Smith Lead. Cas. 590 ; *Brooks* v. *Wright,* 13 Allen, 72. And see *Bank of Newbury* v. *Richards,* 35 Vt. 281 ; *Mariner's Bank* v. *Abbott,* 28 Me. 280 ; *Riley* v. *Gregg,* 16 Wis. 697 ; *Harris* v. *Brooks,* 21 Pick. 195.

32

*S. Haselton*, for the plaintiff.

The note was properly admitted in evidence, and the testimony to show that the defendant was merely a surety was properly excluded. *Claremont Bank* v. *Wood*, 10 Vt. 582 ; *Farmers & Mechanics' Bank* v. *Rathbone*, 26 Vt. 19 ; *People's Bank* v. *Pearsons*, 30 Vt. 711 ; *Dunham* v. *Downer*, 31 Vt. 249.

The evidence offered by the defendant was properly excluded. As to the second offer, see *Hakes* v. *Hotchkiss*, 23 Vt. 231 ; *Morse* v. *Low*, 44 Vt. 561. As to the third, see *Hogaboom* v. *Herrick*, 4 Vt. 131. As to the fourth, see Gen. Sts. c. 66, s. 4. And see *Wheeler* v. *Washburn*, 24 Vt. 293.

The opinion of the court was delivered by

REDFIELD, J. I. The note offered in evidence was joint and several, and recited that " each as principal " signed the note ; and although, as between themselves, one was principal and the other surety, so far as the creditor is concerned both are principals. *Claremont Bank* v. *Wood*, 10 Vt. 582. This case has ever been recognized as authority. The remarks of BENNETT, J., in *People's Bank* v. *Pearsons*, 30 Vt. 711, were not intended to impugn its soundness ; but, on the contrary, it was expressly affirmed. And we think the profession would be reluctant to have so sensible a doctrine, having the judicial imprint of Chief Justice ROYCE, disturbed. The defendant must, then, be treated as having waived, by the express terms of his contract, all rights incident to the relation of surety, so far as pertains to the interpretation and enforcement of the contract. *Dunham* v. *Downer*, 31 Vt. 249 ; *Sprigg* v. *Bank of Mount Pleasant*, 10 Pet. 257, 263.

II. The offer to show, by parol, a contemporaneous agreement that defendant should be holden but for six months, was an attempt to engraft a new stipulation by parol upon the written contract, which was clearly inadmissible.

III. The third offer was properly denied, because, as we have seen, the defendant was not a surety, so far as the plaintiff is con-

cerned.    Secondly, it does not appear that any valid contract was made upon consideration ; nor that confiding in, and relying upon, plaintiff's representations, the defendant forebore to protect himself.

IV.    The fourth offer, if otherwise admissible, would have been unavailing under our statute.    Gen. Sts. c. 66, s. 4.

*Judgment affirmed.*